**JUDGE BUCHWALD**     08 CV 4505

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
a/s/o VOLVO DO BRASIL VEICULOS LTDA.,

        Plaintiff,

  - against -

HAMBURG SUD NORTH AMERICA, INC.,

        Defendant.
------------------------------------------------------------X

**COMPLAINT**

Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. At all material times, Fireman's Fund Insurance Company (hereinafter "FFIC" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, New York 10005 and is the subrogated underwriter of a consignment of engine blocks laden on board the M/V LIBRA CORCOVADO, as more fully described below.

3.  At all material times, Volvo Do Brazil Veiculos Ltda. (hereinafter 'Volvo") was and is a foreign corporation with a place of business located at Av Juscelino Kubitscheck de Oliveira 2600, Cidade Industrial, Curitiba, Brazil.

4.  At all material times, Defendant, Hamburg Süd North America, Inc. (hereinafter "Hamburg Süd") was and is a foreign corporation with an office and place of business located at 465 South Street, Morristown, New Jersey 07960 and owns, operates, manages and/or charters ocean-going vessels, including the M/V LIBRA CORCOVADO (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V LIBRA CORCOVADO, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5.  On or about April 26, 2007, a consignment consisting of 66 engine blocks laden into container number SUDU1582477, then being in good order and condition, was delivered to defendant Hamburg Süd and the M/V LIBRA CORCOVADO at the port of Paranagua, Brazil for transportation to Baltimore, Maryland, U.S.A., in consideration of an agreed freight pursuant to Hamburg Süd bill of lading number SUDU679309306011.

6.  Thereafter, the aforementioned consignment was loaded aboard the M/V LIBRA CORCOVADO, Hamburg Süd bill of lading number SUDU679309306011 was issued, and the vessel sailed for the intended port of destination.

7.  On or about May 12, 2007 the consignment arrived at the port of Baltimore, Maryland, U.S.A. and arrived at its final destination on May 18, 2007.

8. Upon inspection it was discovered that the consignment was not in the same good order and condition as when received by defendants, but instead had suffered physical damage during transit due to exposure to water.

9. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendant.

10. At all times relevant hereto, a contract of insurance for property damage was in effect between Volvo and FFIC, which provided coverage for, among other things, loss or damage to the consignment.

11. Pursuant to the aforementioned contract of insurance between Volvo and FFIC, monies have been expended on behalf of Volvo to the detriment of FFIC due to the damages sustained during transit.

12. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

13. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

14. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

15. By reason of the foregoing, plaintiff has sustained damages estimated to be no less than $13,493.94, no part of which has been paid, although duly demanded.

16. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. The Court order, adjudge and decree that defendant Hamburg Süd North America, Inc. be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

2. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      May 14, 2008
      299-686

                    CASEY & BARNETT, LLC
                    Attorneys for Plaintiff

By: _____
      Martin F. Casey (MFC-1415)
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      (212) 286-0225